**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEMECO M. GOUDEAU, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> ANDREW M. SAUL, ) <br> Commissioner of the Social Security ) <br> Administration, ) <br> ) <br> Defendant(s). ) | Case No. 4:19-cv-02476 SRC |

## Memorandum and Order

This matter comes before the Court on Plaintiff Demeco M. Goudeau's request for judicial review, under 42 U.S.C. § 405(g), of the final decision of the Commissioner of Social Security denying Goudeau's application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*. The Court affirms the Commissioner's decision.

**I.     Procedural history**

Goudeau filed his application for benefits on March 24, 2017. Tr. 150. The Social Security Administration initially denied his application on July 13, 2017. Tr. 106-110. Goudeau asked for a hearing before an ALJ on July 20, 2017, and the ALJ held a hearing on July 24, 2018. Tr. 26, 112. The ALJ denied Goudeau's application in a decision dated November 14, 2018. Tr. 9-22. On July 26, 2019, the Appeals Council denied Goudeau's request for review. Tr. 1-3. As such, the ALJ's decision stands as the final decision of the Commissioner.

**II.    Decision of the ALJ**

The ALJ determined that Goudeau has not engaged in substantial gainful activity since March 9, 2017. Tr. 14. The ALJ found Goudeau has severe impairments of intellectual

1

disability and major depressive disorder. Tr. 14. The ALJ found that Goudeau does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 15. After considering the entire record, the ALJ determined that Goudeau had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: He can perform work limited to simple, routine, repetitive tasks involving only simple, work-related decisions, few, if any, workplace changes, and no work with an assembly line or conveyor belt. Tr. 18. He can have occasional interaction with coworkers and supervisors but no contact with the general public. *Id*.

The ALJ found Goudeau has no past relevant work. Tr. 21. Goudeau was 40 years old on the date he filed the application which is defined as a "younger individual age 18-49." Tr. 21. Goudeau has a limited education and is able to communicate in English. *Id*. After considering Goudeau's age, education, work experience, and RFC, the ALJ found that jobs exist in significant numbers in the national economy that Goudeau can perform including industrial sweeper, laundry worker, groundskeeper, and baker racker. Tr. 21-22. Thus, the ALJ concluded that Goudeau "has not been under a disability." Tr. 22. Goudeau appeals, arguing a lack of substantial evidence to support the Commissioner's decision.

### III.  Legal standard

A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to

2

do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* at § 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. § 416.920(a)(1). First, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a severe "impairment [that] significantly limits [the] claimant's physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *see also* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir.

3

2011); *see also* 20 C.F.R. § 416.945(a)(1).  While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC."  *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016).  Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).  Ultimately, the claimant is responsible for *providing* evidence relating to his RFC and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."  20 C.F.R. § 416.945(a)(3) (emphasis added).  If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled.  20 C.F.R. § 416.920(a)(4)(iv).

      Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner.  *See Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled.  20 C.F.R. § 416.920(a)(4)(v).  If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled.  *Id.*  At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant.  *Hensley*, 829 F.3d at 932.

4

If substantial evidence on the record as a whole supports the Commissioner's decision, the Court must affirm the decision. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. Under this test, the court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id*. The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 369 (8th Cir. 2016).

**IV.     Discussion**

As noted above, the ALJ determined that Goudeau retained the RFC to perform a full range of work at all exertional levels but with certain non-exertional limitations, and that Goudeau's mental impairments would not preclude him from performing work that exists in significant numbers in the national economy. Substantial evidence supports the ALJ's decision.

    **A.     Substantial evidence supports the ALJ's finding that Goudeau is not presumptively disabled under Listing 12.05B.**

Goudeau argues that the ALJ erred in not finding him *per se* disabled at step three of the sequential process. If a claimant's impairment meets the criteria of one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), (d). Goudeau argues that

5

he meets the criteria of Listing 12.05B, which deals with intellectual disorders.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05B.

"To qualify for disability under a listing, a claimant carries the burden of establishing that his condition meets or equals all specified medical criteria." *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011); *see also See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria.") (emphasis in original).  An impairment that manifests only some of the listed criteria, no matter how severely, does not qualify.  *Id.*  While an ALJ is required to consider evidence of listed impairments and determine whether they meet or equal any of the listed impairments, "[t]he fact that the ALJ d[oes] not elaborate on this conclusion does not require reversal [where] the record supports h[is] overall conclusion." *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006).

Goudeau contends that he meets all the criteria of Listing 12.05B.  That Listing requires proof of the following:

1.  Significantly subaverage general intellectual functioning evidenced by a or b:

    a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or

    b. A full scale (or comparable) IQ score of 71–75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and

2.  Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

    a. Understand, remember, or apply information (see 12.00E1); or

    b. Interact with others (see 12.00E2); or

    c. Concentrate, persist, or maintain pace (see 12.00E3); or

    d. Adapt or manage oneself (see 12.00E4); and

6

>    3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05B.  The ALJ found that Goudeau did not meet the second criterion. i.e., "[s]ignificant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:" (a) understanding, remembering, or applying information, (b) interacting with others, (c) concentrating, persisting, or maintaining pace, or (d) adapting or managing oneself. *Id.*  The ALJ determined that Goudeau did not have extreme or marked limitation in *any* of the specified categories of mental functioning.  Tr. 14-17.  Rather, the ALJ found that Goudeau has only a moderate limitation in each of the four categories.  *Id.*

Goudeau argues that the ALJ's finding is not supported by substantial evidence because the consultative mental evaluator, Dr. Paul Rexroat, Ph.D., found that Goudeau had marked limitations in adapting to his environment and in social interaction.  The Court disagrees.  First, Rexroat expressly did *not* find marked limitations in more than one area of mental functioning.  Regarding Goudeau's ability to understand, remember, or apply information, Rexroat noted that Goudeau "has mild limitations in his ability to understand and remember simple instructions." Tr. 242.  Regarding ability to interact with others, Rexroat found Goudeau "has moderate limitations in his ability to interact socially" and further noted: "there appear to be moderate limitations for [Goudeau]" in the area of "social functioning."  *Id.* at 242-43.  Rexroat also found "moderate limitations in [Goudeau's] ability to sustain concentration, persistence, and pace with simple tasks."  *Id.* at 243.  Only as to the fourth area of mental functioning, the ability to adapt or manage oneself, did Rexroat find marked limitations.  Tr. 242 ("[Goudeau] has…marked limitations in his ability to adapt to his environment.").

7

Further, the ALJ actually rejected Rexroat's conclusion that Goudeau has marked limitations in adapting or managing himself, giving this part of Rexroat's opinion only "partial weight." Tr. 20. The ALJ found Rexroat's opinion that Goudeau has more than a moderate limitation in this area "unsupported by longitudinal evidence of record and [Rexroat]'s own mental status findings[.]" Tr. 20. Substantial evidence supports the ALJ's determination. The Listing appendix defines adapt or manage oneself as "the abilities to regulate emotions, control behavior, and maintain well-being in a work setting." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(E)(4). Examples illustrating this area of mental functioning include responding to demands, adapting to changes, and maintaining personal hygiene and attire appropriate for a work setting. *Id.* Rexroat noted that Goudeau was adequately dressed and nicely groomed and demonstrated coherent thoughts and speech. Tr. 241. The state agency mental evaluator, Dr. J. Edd Bucklew, Ph.D., noted Goudeau to be "alert and cooperative." Tr. 65. Goudeau's treatment providers have regularly noted that he displays appropriate mood, affect, and speech. Tr. 253, 309, 314, 321. The state agency evaluator, Bucklew, also rejected Rexroat's conclusion that Goudeau has marked limitations in adapting or managing himself. *See* Tr. 65 ("testing and behavioral observation…do not support [marked level] of limitation."). Based on the foregoing, the ALJ found "nothing in the record to support any greater limitation than moderate mental limitations." Tr 20.

For these reasons, substantial evidence supports the ALJ's finding that Goudeau has only moderate limitations in the area of adapting or managing himself. Regardless, even if Rexroat was correct that Goudeau has marked limitations in this area, the Court would still affirm. Listing 12.05B requires an "extreme limitation of one, or marked limitation of *two*" of the four specified areas of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05B (emphasis

8

added).  No examiner found Goudeau to have extreme limitations in any area or to have marked limitations in more than one area of mental functioning.  *Compare* Rexroat Report, Tr. 238-243 (finding Goudeau has marked limitations in one area of mental functioning) *with* Bucklew Report, Tr. 59-71 (finding Goudeau no more than moderately limited in any area of mental functioning).  "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria."  *Sullivan*, 493 U.S. at 530.  Accordingly, substantial evidence supports the ALJ's finding that Goudeau is not presumptively disabled under Listing 12.05B.

        **B.**        **The ALJ properly accounted for Goudeau's mental limitations.**

Finally, Goudeau argues that the ALJ did not properly account for his mental limitations in determining his RFC.  "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, 'what the claimant can still do' despite his or her physical or mental limitations."  *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (quoting *Bradshaw v. Heckler*, 810 F.2d 786, 790 (8th Cir. 1987)).  In determining a claimant's RFC, "the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC."  *Id.*  As discussed above, at step three of the sequential analysis, the ALJ found that Goudeau has "moderate" limitations in the four specified areas of mental functioning, including "concentration, persistence, or pace."  Thus, Goudeau argues that the ALJ erred by not including any limitations pertaining to concentration, persistence, or pace in his RFC determination.  The Court disagrees.

First, Goudeau misunderstands the relationship between the ALJ's step-three analysis of mental functioning and the step-four RFC determination.  The Eighth Circuit recently clarified this relationship, stating: "the different steps serve distinct purposes, the degrees of precision required at each step differ, and our deferential standard of review precludes us from labeling

9

findings as inconsistent if they can be harmonized." *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 888 n.3 (8th Cir. 2006)) ("Each step in the disability determination entails a separate analysis and legal standard."). In *Chismarich*, the Eighth Circuit considered whether an ALJ erred by not including more specific limitations in his RFC determination after finding moderate limitations in three areas of mental functioning in the step-three analysis, including concentration, persistence, or pace. 888 F.3d at 980. The Court concluded there was "nothing inconsistent with the ALJ's separate analyses at the different steps in this case." *Id.*

Similarly, the Court finds nothing inconsistent between the ALJ's step-three finding that Goudeau has moderate limitations in four areas of mental functioning[1] and the ALJ's step-four RFC determination. The ALJ determined that Goudeau had the RFC to perform

> a full range of work at all exertional levels but with the following non-exertional limitations:  He can perform work limited to simple, routine, repetitive tasks involving only simple, work-related decisions, few, if any, workplace changes, and no work with an assembly line or conveyor belt.  The claimant is further limited to occasional interactions with coworkers and supervisors and no contact with the general public.

Tr. 18. This RFC includes limitations related to each of the four areas of mental functioning. Goudeau's moderate limitation in the area of understanding, remembering, or applying information is reflected in the RFC limitation to "simple, routine" tasks "involving only simple, work-related decisions." *Id.* His moderate limitation in the area of interacting with others is reflected in the RFC limitations on contact with coworkers, supervisors, and the general public. *Id.* The Court finds Goudeau's moderate limitation in the area of concentration, persistence, or pace adequately reflected in the RFC limitation to repetitive tasks and exclusion of work

---

[1] (a) Understanding, remembering, or applying information, (b) interacting with others, (c) concentrating, persisting, or maintaining pace, and (d) adapting or managing oneself.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05B.

10

involving an assembly line or conveyor belt. *Id.*  Finally, Goudeau's moderate limitation in the area of adapting or managing himself is reflected in the RFC limitation to "routine" tasks and "few, if any, workplace changes." *Id.*  This Court may not find the ALJ's step-three and step-four findings inconsistent if they can be "harmonized." *Chismarich*, 888 F.3d at 980.  For the reasons set forth above, the Court has no difficulty in harmonizing the ALJ's findings here.

Goudeau argues that *Newton v. Chater*, 92 F.3d 688 (8th Cir. 1996), requires the Court to reverse and remand.  In *Newton*, the Eighth Circuit considered whether the hypothetical the ALJ posed to the vocational expert adequately accounted for the claimant's undisputed mental limitations in concentration, persistence, or pace. *Id.* at 695.  The ALJ's hypothetical

> described a person with a minimal ability to read and write, a borderline range of intelligence, a ninth or tenth grade education, an inability to perform highly skilled or technical work, a capacity for simple jobs, and a demonstrated ability to control his drinking problem.

*Id.* at 694.  The Eighth Circuit held that this hypothetical did not adequately account for the claimant's deficiencies of concentration, persistence, or pace. *Id.* at 695.

The Court finds *Newton* easily distinguishable.  First, the ALJ's hypothetical in this case adequately accounted for each of Goudeau's mental limitations.  Here, the ALJ asked the vocational expert the following hypothetical, which exactly mirrored the final RFC determination:

> So no exertional limitations, and work limited to simple, routine, repetitive tasks, with only simple work-related decisions, few, if any, workplace changes.  No work within an assembly line or conveyor belt.  Occasional interaction with coworkers and supervisors, and no contact with the general public.

Tr. 50.  As discussed above, this RFC includes limitations reflecting each of Goudeau's moderate deficiencies in mental functioning. *Chismarich*, 888 F.3d at 980; *see also Rhinehart v. Saul*, 776 F. App'x 915, 916 (8th Cir. 2019) (hypothetical including limitation to "simple, routine, [and] repetitive tasks" that "require minimal training" adequately accounted for

11

moderate limitation in concentration, persistence, or pace); *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (hypothetical concerning a claimant who is capable of doing simple, repetitive, routine tasks adequately captured the individual's deficiencies in concentration, persistence or pace); *Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997) (hypothetical including work "which does not require close attention to detail" and excluding "work[ing] at more than a regular pace" sufficiently described deficiencies of concentration, persistence or pace). In contrast, the *Newton* hypothetical included no limitations addressing the claimant's deficiencies in concentration, persistence, or pace. That distinction is dispositive. *See Brachtel*, 132 F.3d at 421 (holding that hypothetical including "scantly more" than *Newton* hypothetical was adequate).

*Newton* is further distinguishable because the vocational expert in that case testified that the claimant's deficiency in persistence, concentration, or pace would "cause problems on an ongoing daily basis" in employment," regardless of what the job required from a physical or skill standpoint." *Newton*, 92 F.3d at 695. Despite this testimony, the ALJ did not modify the RFC to account for the claimant's deficiencies in concentration, persistence, or pace. Here, the vocational expert gave no similar testimony. Rather, when asked the hypothetical described above—which included limitations for each of Goudeau's moderate mental deficiencies—the vocational expert testified that jobs exist in significant numbers in the national economy matching Goudeau's RFC. Tr. 50-51. Accordingly, the ALJ did not err in determining Goudeau's RFC and substantial evidence supports the ALJ's finding that Goudeau is not disabled.

V.      **Conclusion**

This Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. It does not substitute its own judgment for that of the ALJ. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010). Having found that substantial evidence supports the ALJ's conclusions and that the ALJ correctly applied the legal standards, this Court affirms the ALJ's decision.

Accordingly, the Court affirms the decision of the Commissioner and dismisses Plaintiff Demeco M. Goudeau's Complaint with prejudice.

So Ordered this 30th day of November 2020.

*/s/ SL R. CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**