# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEMECO M. GOUDEAU,           )  <br>                                                      )  <br>      Plaintiff,                              )  <br>                                                      )  <br>      vs.                                         )     Case No. 4:19-cv-02476-SRC  <br>                                                      )  <br>ANDREW M. SAUL,                      )  <br>Commissioner of the Social Security  )  <br>Administration,                            )  <br>                                                      )  <br>      Defendant.                            )  | |

### Memorandum and Order

This matter comes before the Court on [25] the Motion to Withdraw of Plaintiff's attorney, Traci L. Severs.

**I.     Background**

The Court entered final judgment in favor of Defendant on November 30, 2020, dismissing with prejudice the claims of Plaintiff Demeco Goudeau.  Doc. 24.  On the same day, Severs filed the present motion to withdraw as counsel.  Doc. 25.

**II.     Discussion**

The Eastern District of Missouri has adopted the Rules of Professional Conduct adopted by the Supreme Court of Missouri, as amended by E.D. Mo. L.R. 12.02.  Under the Rules of Professional Conduct, a lawyer may withdraw from representation of a client if "withdrawal can be accomplished without material adverse effect on the interests of the client."  Missouri Rules of Professional Conduct 4–1.16(b)(1).  "[A] lawyer shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating the representation." *Id.* at 4–1.16(c).  The Rules further provide that:

1

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, [and] allowing time for employment of other counsel….

*Id.* at 4-16(d).

Under Federal Rule of Appellate Procedure 4(a)(1)(B), Plaintiff has 60 days from the entry of final judgment to appeal the adverse judgment to the Eighth Circuit Court of Appeals. Severs's present motion to withdraw lists Plaintiff's last known address and states: "Plaintiff is advised that he should retain other counsel."  Doc. 25.  However, it is unclear to the Court how Plaintiff will receive notice of this statement—or anything else in Severs's motion to withdraw—if the Court grants the present motion.

Accordingly, the Court denies without prejudice [25] Severs's present Motion to Withdraw.  The Court orders Plaintiff to file one of the following within the time permitted for appeal:

(1) a notice of appeal;

(2) a notice signed by Plaintiff stating that he declines to file a notice of appeal;

(3) a notice signed by Severs indicating that she has explained to Plaintiff his right to appeal including the applicable deadlines for appeal and his right to retain new counsel for appeal, and that Plaintiff has not requested Severs to file a notice of appeal, but that Plaintiff declines to sign a notice under subsection (2); or

(4) a notice signed by Severs and Plaintiff indicating that Severs has explained to Plaintiff his right to appeal, including the applicable deadlines for appeal and his right to retain new counsel for appeal, and that Plaintiff intends to retain new counsel for the purpose of filing a notice of appeal.

The Court further orders Severs to remain counsel of record until Plaintiff files one of the foregoing.  Severs may file a renewed motion to withdraw at that time.  Lastly, the Court also

orders Severs to fulfill all of her ethical obligations to her client, including among others that Severs must transfer Plaintiff's files to Plaintiff or new counsel promptly upon request.

    So ordered.

Dated:  December 2, 2020.

 

*SLR.CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**